# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE EX PARTE EMERGENCY APPLICATION FOR WRIT OF MANDAMUS RAJ KARTIK PATEL** _____ THE EXCELLENT THE EXCELLENT MR. RAJ K. PATEL, from all capacities, *Plaintiff-Petitioner* v. THE UNITED STATES, INDIANA SUPERIOR COURT BOONE COUNTY, THE HONORABLE LORETTA RUSH, Chief Justice of Indiana, in all capacities, THE HONORABLE MATTHEW C. KINCAID, in all capacities, INDIANA SUPREME COURT, ALL JAILER(S), and GAELOR, *Defendants-Respondents* | No. _____ Dated: February 4, 2026 |

## PETITIONER PRO SE RAJ K. PATEL'S FEDERAL WRIT OF MANDAMUS TO GRANT WRIT OF HABEAS CORPUS

1. Patel discovered that he is a prisoner or in illegal restraints, creating a deprivation of life, liberty, property, safety, and happiness, in custody of an unknown jailer, private, public, state, or non-state, and that reading law proves that this petition for a writ of habeas corpus sought under the

10

common law is proper. *See also* I.C. § 1-1-2-1. 42 U.S.C. § 1988. This happening is lifelong but regularly since 2006.

2. On January 6, 2026, Patel filed an *ex parte* emergency petition of writ of mandamus in the Indiana Superior Court Boone County 1 that they were immediately expected to address as the first business by 14th Amendment Due Process. *In Re Patel*, No. 06D01-2601-PC-000030 (Ind. Super. Ct., Boone Cnty. 1 2026).

3. Patel made several attempts to Boone Superior Court 1 to begin ex parte with the judge in his court of original jurisdiction.

4. On January 30, 2026, after several written communications, pleading the Constitution, Boone Superior Court 1 leisurely denied Patel's application for writ of habeas corpus. *Ex Parte Bollman & Ex Parte Swartwout,* 8 U.S. 75, 94 & 98 (1807).

5. On January 30, 2026, Patel had an emergency writ of mandamus and permanent writ submitted to the Indiana Supreme Court which was later reviewed as a request for a permanent writ of habeas corpus and denied, the writ of mandamus not granted nor denied and dismissed. *In Re Patel,* No. 26S-OR-00029 (Ind. Jan. 30, 2026). Ex. A-B. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 845 (U.S. 1998) ("We have emphasized time and

11

again that the touchstone of due process is protection of the individual against arbitrary action of government.").

6. On February 2, 2026, Boone Superior Court 1 and The Honorable Matthew Kincaid from his inherit authority denied granting and command force with writ of habeas corpus. *Demarcus Sears v. Warden GDCP*, No. 18-13467 (11th Cir. 2023).

7. I probably should have the elections board chair matt that comes into play.

8. This emergency writ of mandamus follows.

### **SUBJECT-MATTER JURISDICTION**

This court is reasonable for determining its own jurisdiction, including from U.S. const. art. III, § 1, 42 U.S.C. §§ 1983-88, Judiciary Act of 1789, and Judiciary Act of 1867. *Ex parte Milligan*, 71 U.S. 2 (1866). *Edwards v. Vannoy*, No. 19–5807 (U.S. Nov. 30, 2020).

"That the courts of the United States shall have power to issue writs of...habeas corpus, and all other writs not specially provided for by statute which may be necessary for the exercise of their respective jurisdictions and agreeable to the principles and usages of law. And...judges of the district courts, shall have power to grant writs of habeas corpus for the purpose of an

inquiry into the *cause of commitment*,..." *Ex Parte Dorr*, 44 U.S. 103, 104-5 (1845) (quoting Judiciary Act of 1789).

In the Judiciary Act of 1867, "[i]n addition to the authority already conferred, [US Courts, and judges and justices therein] shall have power to grant writs of habeas corpus in all cases where any person may be restrained of their liberty in violation of the constitution, or of any treaty or law of the United States; and it shall be lawful for such person so restrained of their liberty to apply. Executives and "judges for a writ of habeas corpus...and shall set forth the facts concerning the detention of the party applying, in whose custody they are detained, and by virtue of what claim or authority, if known..." *Ex parte Garland*, 71 U.S. 333, 378 (1866).

The 14th Amendment requires, in preemption, the United States Supreme Court says, that pro se pleadings must "be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," in post-*Twombly* decisions involving pro se prisoners. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam).

"The province and duty of the judicial department to say what the law is." *Marbury v. Madison*, 5 U.S. 137, 177 (1803). *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983) (This mandatory language creates a state-law liberty entitlement

13

that becomes enforceable under the Fourteenth Amendment, which is federal law.).  42 U.S.C. §§ 1981-8.

Force will get the required *in personam jurisdiction*.  *Ex parte Endo*, 323 U.S. 283, 305-06 (1944).  Indiana courts must prefer "to decide cases on the merits." *Foley v. Mannor*, 844 N.E.2d 494 (Ind. Ct. App. 2006).  I.C. §§ 34-25.5-1 *et seq*.

## DISCUSSION

A federal district court must grant a writ of habeas corpus or a petitioner like Petitioner Patel, here, who is in unlawful custody, deprivations of life, liberty, and property (and their interests) is deprived of a Federal Due Process right attached to his privilege of life, liberty, and property.  *See also Mounce v. Runyon,* 999 F.2d 1113 (7th Cir. 1993) and *Mackenzie v. Barrett,* 141 F. 964, 966 (7th Cir. 1905).  *Cf. Trump v. Hawaii*, 585 U.S. ___ (2018) (deprivation of property rights for immigration to take control of a natural-born citizen's immigration privileges to allow or stop qualifying family members).  *See Burris v. Ryan*, 397 F.2d 553, 555 (7th Cir. 1968) ("[O]ne under arrest, but at large on bail, is entitled to a writ the same as if the arrest was accompanied by actual imprisonment.") (quoting *Mackenzie*, 141 F. at 966)). *Ex parte Milligan*, 71 U.S. 2 (1866) (Chase concurred in part) ("The writ of habeas corpus is a writ of right, and is the great

remedy of the citizen against arbitrary or unlawful imprisonment."). *Elder v. Dowd*, 118 N.E.2d 805 (Ind. 1954) (writ of habeas corpus applies to "life or liberty."). *See generally Brown*, 344 U.S. at 512-13 ("The great writ of habeas corpus has been for centuries esteemed the best and only sufficient defense of personal freedom...Chief Justice Chase, writing for the Court in *Ex parte Yerger*, 75 U.S. 85, 95 (1868)"). *Patel v. The United States*, No. 1:21-cv-22729-BB. (S.D. Fla. 2021).

Section 1651 says that this court shall grant all writs in aid of its jurisdiction and "agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). 'The great writ of habeas corpus has been for centuries esteemed the best and only sufficient defense of personal freedom.' [The United States Supreme Court] Chief Justice Chase, Its history and function in our legal system and the unavailability of the writ in totalitarian societies are naturally enough regarded as one of the decisively differentiating factors between our democracy and totalitarian governments...The significance of the writ for the moral health of our kind of society has been amply attested by all the great commentators, historians and jurists, on our institutions. It has appropriately characterized by Hallam as "the principal bulwark of English liberty." *Brown*, 344 U.S. at 512. The only condition for petitions for writ of habeas corpus that

15

lower state and federal courts have been allowed to impose is to require the petitioner to be a property owner, indicative of their political rights, and remains true for all persons after the enactment of the 14th Amendment. *Brown*, 344 U.S. at 480.  As the court will be able to see in Petitioner's verified original petition, Petitioner Patel is "People," in the same scheduled caste as our Founders and Framers, property owner and owner of Government. *Compare Oyama v. California*, 332 U.S. 633, 636-7, & 648-50 (1948) (natural-born American son owns property with father as recent) (citing Civil Rights Act of 1866) *with* U.S. const. pmbl.  Federalist No. 10 ("diversity").  *Cleburne v. Cleburne Living Cntr., Inc.*, 473 U.S. 432, 448-450 (1985) ("an irrational prejudice" against the intellectually disabled).  *Kerry v. Din*, 576 U.S. 86 (2015) (state secret).  Pet.  *Brown*, 344 U.S. at 507.  *Home Ins. Co. v. Dick*, 281 U.S. 397, 398 (1930).  Therefore, the focus has remained that these proceedings is about "the liberty of the subject." *Id*. at 511.  *Edwards v. Vannoy*, 141 S. Ct. 616 (U.S. 2020).

This court has original jurisdiction under the common law to have received petitioner's original January 6, 2026, but chose Boone Superior Court 1 out of convenience and privacy interests.  U.S. const. art. III, § 1.  Therefore, the first condition that this district court needs to issue a writ to protect its

16

original subject-matter jurisdiction based on federal question is mustered. *Ex parte Milligan*, 71 U.S. at 2. While the petition seeks a writ of mandamus here, the court needs to evaluate therefore a petition effectually for a writ of habeas corpus and should be evaluated under that gravity of affairs, as substantive due process and substantial justice requires. *Olim*, 461 U.S. at 249.

The jurisprudence of the United States Supreme Court has developed with strong enforcement of the un-suspend-able writ of habeas corpus to state courts, whether is state's supreme court or a superior court. This writ is agreeable to the usages and principle of law." 28 U.S.C. § 1651(a). Further, the jurisdiction of the 10th Amendment requires this court to grant this writ of mandamus to ensure that Patel has his due process rights. *See e.g., United States ex rel. Toth v. Quarles,* 350 U.S. 11 (1955). *Ex Parte Yerger*, 75 U.S. at 96. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

It is also" agreeable to the usages and principles of law" to grant this writ of mandamus now rather than later because the Defendants-Respondents do not have due process protection. 28 U.S.C. § 1651(a). *Kelly v. State*, No. S22A0979 *14-5, 315 Ga. 444, 451 (Ga. Jan. 18, 2023) (citing *People v. Williams*, 429 N.E.2d 487, 489 (Ill. 1981) ("The due process clauses of the Fifth and Fourteenth amendments were enacted to protect 'persons,' not States...It is

17

clear that a State is not a person within the meaning of the fourteenth amendment; thus, the State cannot benefit from the due process protection embodied in that amendment. Indeed, the purpose of the fourteenth amendment is to protect individuals from State action."). "The Constitution, entitlement to 5th or 14th Amendment, does not allow the state or any other jailer equality in due process, i.e. time, to comply, "straighten out" things, and review of habeas data." *Moore*, 390 N.E.2d at 1056.

It is also "agreeable to the usages and principles of law" to grant this writ of mandamus because the United States Constitution requires that state court proceedings be given "full faith," including with and by the Supremacy of the Federal Sovereign. 28 U.S.C. § 1651(a). *Marbury*, 5 U.S. at 177. U.S. const. art VI, § 1, cl.1. Therefore, this United States District Court for the Southern District of Indiana should be granted. *Felker v. Turpin*, 518 U.S. 651, 659-66 (1996). The Indiana Supreme Court violated the Full Faith & Credit Clause and substantive due process when it arbitrarily ignored the petition for writ of mandamus and denied permanent writ, as argued under its original jurisdiction from the United States Constitution. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 845 (U.S. 1998) ("We have emphasized time and again that the touchstone of due process is protection of the individual against arbitrary action of government.").

18

It is also "agreeable to the usages and principles of law" to grant this of mandamus, "Substantial justice and substantive due process require that citizens be treated with constitutional equity in writs of habeas corpus petitions." *In re Yamashita*, 327 U.S. 1, 36 & 38 (1946) ("Life and liberty are made to depend upon the biased will of the victor, rather than upon objective standards of conduct."). This court does not need access to top-secret security clearances in order issue binding opinions. *See* Fed. R. Evid. 102 & 702. Substantive due process also requires that this court make the Indiana superior court to grant him his various common law and statutory habeas corpus laws, state habeas, and Indiana constitution's habeas. *Olim*, 461 U.S. at 249. I.C. §§ 34-25.5-1 *et seq*. Writ shall be grant "on the merits." *Sunal v. Large*, 332 U.S. 174, 180-2 (1947). "Relief in the form of habeas corpus should not be withheld for reasons of mere convenience." *May v. Ferndale Inst.*, [2005] 3 SCR 809, 2005 SCC 82. E.

Lastly, it is also "agreeable to the usages and principles of law" to grant this of mandamus in interstate commerce, Congress has not has not provided any other remedy than the All Writs Act, the Judiciary Act of 1789, and the Judiciary Act of 1867 which mandates this court of limited jurisdiction, with the

19

duty to oversee the "Great Writ" of "personal freedom." *Ex parte Yerger*, 75 U.S. at 95. *In Re Trump*, No. p 81294 (S.D. Fla. 2022).

## **CONCLUSION**

**Grant mandamus for the next effectuation to be resolved before February 4, 2026 at 6:00PM EST.** It is clear that this district court is under standing mandate of United States Supreme Court precedent and the United States Constitution. *See also Ind. ex rel. Danny W. Howell v. Cir. Ct.*, No. 25-5557 * 6 (U.S. Jan. 30, 2026) (Jackson, K., dissenting) ("When liberty, bodily integrity, or fundamental fairness is at stake, preventing such litigants from ever again accessing our review imperils our ability to provide equal justice for all."). This should release "continuing restraints on liberty." *Carafas v. LaVallee*, 391 U.S. 234 (1968). *R. v. Miller*, [1985] 2 S.C.R. 613, 624-25 ("'the importance of the local accessibility of this remedy' of habeas corpus because of the traditional role of the court as "a safeguard of the liberty of the subject."). "All writs of habeas corpus shall be granted and remains **"compel[ed]"** to do so on common law practices. *Ex parte Endo*, 323 U.S. at 305-06. *Ex parte Yerger*, 75 U.S. at 95. **"It is impossible to widen this jurisdiction."** *Ex Parte McCardle*, 73 U.S. 318 (1867):

- Show Cause, *Kuhlmann*, 477 U.S. at 471,

- Possible recession of cause or contract as its cause-and-prejudice, one that T.E.,E. Patel's merit is better than this,

- The # 1 demand as communicated to the court in confidential proceedings in the lower courts below.  What is a dispositive natural sign of the mentally disabled, whose faculties are disabled? Federalist No. 10.  *Cleburne*, 473 U.S. at 448-450.  *Kerry v. Din*, 576 U.S. 86 (2015) (state secret).  Obama? Trump? Cheerleader Bush? But for the sake of Biden?

- End Censorship, "come out censor,"

- The chain of command of each snippet, all the up to the HM King Charles III and the names of the Whites before they become nobles,

- Rescind any contract effecting Patel in this peril,

- Remove liberty restricting and restraining psychology,

- Award Petitioner T.E.,E. Mr. Patel a $1,000,000 tonight, **by February 4, 2026 at 6:00PM,** *Ex Parte Bollman & Ex Parte Swartwout*, 8 U.S. at 94 & 98 (**petition for writ of habeas corpus is "instantly supersedes all proceedings in the court."**).  *Kuhlmann*, 477 U.S. at 471 ("***to give fair effect*** to the habeas corpus jurisdiction").

- The thing this is all about,

- Begin transfer into jail of my own jail,

- The names of the diplomats involved in this historical development of matter,

- Get the censors to come out so I can kill them, for aggravated battery,

- Give me the names of all the enforcers in this, the diplomats, the oval office, the 3rd world, the immigrants, the religious institutions, the white, the voice overer, etc.

- All policies,

- Audience with Queen Elizabeth I & King Charles III,

- Bring the President Trump into Indiana Boone Superior Court,

- The technology pulled out of me NOW!,

- The powers that I want back,

- All other policy making force and print off recommended,

- Particularized hearing,

- Individuals and the date of each of their handouts,

- The policy (ies) in computer accessibly, and memorialized and printed on single sided paper and produced and brought to set location,

- Censor's spouses and children,

- Have the censor tell me her sexual identification,

22

- Rescind pension of Indiana faculty,

- Close down all Indiana governmental functions until matter with T.E.,E. Patel is resolved by Force of Habeas

- All other remedies mentioned throughout court filings (which can be handed out in several court proceedings according to recess), and

- and all the court cases this court finds proper. *See e.g., Sears v. Warden GDCP*, No. 18-13467 (11th Cir. 2023).

    Sincerely,

    /s/ Raj K. Patel
T.E., T.E. Mr. Raj K. Patel
4330 Strathmore Lane
Zionsville, IN 46077
317-740-8001 (cell)
rajp2010@gmail.com

    President/Student Body President, Student Gov't Ass'n of Emory U., Inc. 2013-2014 (corporate sovereign 2013-present)
    Student Body President, Brownsburg Cmty. Sch. Corp./President, Brownsburg High Sch. Student Gov't 2009-2010 (corporate sovereign 2009-present)
    Rep. from the Notre Dame L. Sch. Student B. Ass'n to the Ind. St. B. Ass'n 2017
    Deputy Regional Director of Great Lakes Reigion, Young Democrats of Am.-High Sch. Caucus 2008-2009

Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-2010

Vice President of Fin. (Indep.), Oxford C. Republicans of Emory U., Inc. 2011-2012

J.D. Candidate, Notre Dame L. Sch. (permanently withdrew)

## **CERTIFICATE OF SERVICE**

I certify that I served a copy of the foregoing *Pro Se* Petition for Writ of Mandamus on 02/04/2026 to below individuals via the Ind. Ct. System e-filing and e-mail:

Dated: February 04, 2026

Respectfully submitted,

/s/ Raj Patel
T.E., T.E. Mr. Raj K. Patel
4330 Strathmore Lane
Zionsville, IN 46077
317-740-8001 (cell)
rajp2010@gmail.com
www.rajpatel.live

25